*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCCQ-22-0000658
14-NOV-2023
09:16 AM
Dkt. 112 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, THE TRAVELERS
INDEMNITY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY,
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
Plaintiffs-Appellants,

vs.

BODELL CONSTRUCTION COMPANY, SUNSTONE REALTY PARTNERS X, LLC,
STEADFAST INSURANCE COMPANY,
Defendants-Appellees.

_____

SCCQ-22-0000658

CERTIFIED QUESTIONS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I
(CASE NO. 20-cv-00288-DKW-WRP)

NOVEMBER 14, 2023

RECKTENWALD, C.J., McKENNA, AND EDDINS, JJ.,
CIRCUIT JUDGE TONAKI AND CIRCUIT JUDGE CATALDO,
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY EDDINS, J.

**I.**

The United States District Court for the District of Hawai'i certified two questions to this court.  We accepted those questions per Hawai'i Rules of Appellate Procedure Rule 13.

The federal court's order frames the issue: "[W]hether the State of Hawai'i authorizes the equitable reimbursement of defense fees and costs incurred by an insurer in litigating on behalf of its insured."  The court asks:

> (1) Under Hawai'i law, may an insurer seek equitable reimbursement from an insured for defense fees and costs when the applicable insurance policy contains no express provision for such reimbursement, but the insurer agrees to defend the insured subject to a reservation of rights, including reimbursement of defense fees and costs?

> (2) If an insurer may seek equitable reimbursement of defense fees and costs under Hawai'i law, (A) for what specific fees and costs may the insurer obtain reimbursement, (B) which party carries the burden of proof, and (C) what is the burden of proof?

We answer question 1 No.

We do not answer question 2.

We hold that an insurer may not recover defense costs for defended claims unless the insurance policy contains an express reimbursement provision.  A reservation of rights letter will not do.

**II.**

If there's the possibility of coverage, there's a duty to defend.  See Dairy Rd. Partners v. Island Ins. Co., Ltd., 92 Hawai'i 398, 412, 992 P.2d 93, 107 (2000).  The "possibility may

be remote, but if it exists the [insurer] owes the insured a defense." Standard Oil Co. of Cal. v. Hawaiian Ins. & Guaranty Co., Ltd., 65 Haw. 521, 526, 654 P.2d 1345, 1349 (1982) (cleaned up).

As long as a complaint alleges one claim that the policy possibly covers, the duty to defend absorbs all claims. Finley v. Home Ins. Co., 90 Hawai'i 25, 29, 975 P.2d 1145, 1149 (1998).

Some jurisdictions allow insurers to recoup defense costs for defending uncovered claims. See, e.g., Buss v. Superior Court, 939 P.2d 766 (Cal. 1997).

Other jurisdictions do not. See, e.g., Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 543 (Pa. 2010).

Neither this court, nor Hawai'i's federal district court has decided the repayment issue. Scottsdale Ins. Co. v. Sullivan Properties, Inc. came close, predicting this court would find a right to reimbursement. No. 04-00550 HG-BMK, 2007 WL 2247795, at *3 (D. Haw. Aug. 2, 2007). Other cases from our federal district court have dampened that forecast. See Exec. Risk Indem., Inc. v. Pac. Educ. Servs., Inc., 451 F. Supp. 2d 1147, 1163 (D. Haw. 2006); Choy v. Cont'l Cas. Co., No. 15-00281 SOM/KSC, 2015 WL 7588233, at *10 (D. Haw. Nov. 25, 2015); GGA, Inc. v. Kiewit Infrastructure W. Co., 611 F. Supp. 3d 1000, 1031 (D. Haw. 2020).

3

We reject a putative right to reimbursement for defense fees and costs. Hawaiʻi's stout duty to defend clashes with repayment. So we side with policyholders and hold that insurers do not have a right to reimbursement of defense costs.

Three main reasons shape our decision. First, the initial contract governs. See Dairy Rd. Partners, 92 Hawaiʻi at 411-12, 992 P.2d at 106-07. Second, reimbursement erodes the duty to defend. See First Ins. Co. of Haw., Inc. v. State, by Minami, 66 Haw. 413, 416, 665 P.2d 648, 651 (1983). Third, the insured is not unjustly enriched. See Small v. Badenhop, 67 Haw. 626, 635-36, 701 P.2d 647, 654 (1985).

## A.

The initial contract governs.

Mutual understanding and consent animate a contract's terms. See Moss v. Am. Int'l Adjustment Co., Inc., 86 Hawaiʻi 59, 63, 947 P.2d 371, 375 (1997). An insurance policy is a contract. "[I]nsurance policies are subject to the general rules of contract construction." Dairy Rd. Partners, 92 Hawaiʻi at 411, 992 P.2d at 106 (cleaned up).

When a court interprets an insurance policy it reads the contract to the policyholder's advantage. A while ago this court – talking about insurance policies - said it had "long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be

resolved against the insurer." Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006).

The possibility of coverage typically depends on the policy's language. The contract's words. Or its missing words. See Hawaiian Holiday Macadamia Nut Co., Inc. v. Indus. Indem. Co., 76 Hawai'i 166, 169, 872 P.2d 230, 233 (1994) ("Because the insurer's duty to defend its insured is contractual in nature, we must look to the language of the policy involved to determine the scope of that duty.").

Here, the federal district court - in a declaratory judgment action - found a duty to defend. Like most standard insurance policies, the words called for defense. And no words called for pay back.

A reservation of rights letter reinforces defenses and exclusions placed in the contract. "[A]ffording an insured a defense under a reservation of rights agreement merely retains any defenses the insurer has under its policy." First Ins., 66 Haw. at 422, 665 P.2d at 654.

Insurers may reserve contractual rights, not create new ones. "[P]ermitting reimbursement by reservation of rights, absent an insurance policy provision authorizing the right in the first place, is tantamount to allowing the insurer to extract a unilateral amendment to the insurance contract." Jerry's Sport, 2 A.3d at 544. A reservation of rights letter

5

does not alter policy coverage or remake a contract.  It "does not relieve the insurer of the costs incurred in defending its insured where the insurer was obligated, in the first instance, to provide such a defense."  First Ins., 66 Haw. at 422, 665 P.2d at 654.

Hawai'i statutory law favors the policyholder and supports the primacy of the contract.  Hawai'i Revised Statutes (HRS) § 431:10-220(a) reads: "No agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy."  And HRS § 431:10-220(b) instructs: "No insurer or its representatives shall make any insurance contract or agreement relative thereto that is not plainly expressed in the policy."

Most policies call for a duty to defend.  If an insurance contract has no express right to reimbursement, there's no reimbursement.

**B.**

Reimbursement erodes the duty to defend.

The duty to defend and the duty to indemnify differ.  "[T]he obligation of an insurer to defend its insured is separate and distinct from an insurer's obligation to pay a judgment entered against its insured."  First Ins., 66 Haw. at 416, 665 P.2d at 651.

The duty to defend is broader than the duty to indemnify. Hawaiian Holiday, 76 Hawai'i at 169, 872 P.2d at 233. An insurer only indemnifies covered claims. Tri-S Corp., 110 Hawai'i at 488, 135 P.3d at 97. But an insurer must defend when there is possible coverage, even "groundless, false, or fraudulent" claims. First Ins., 66 Haw. at 417, 665 P.2d at 652. And the insurer has to defend mixed actions: some claims covered, others not. Finley, 90 Hawai'i at 29, 975 P.2d at 1149. "[T]he insurer is obligated to provide a defense against the allegations of covered as well as the noncovered claims." First Ins., 66 Haw. at 418, 665 P.2d at 652.

Hawai'i's duty to defend is determined up front, at the start. Not the end. See Nautilus Ins. Co. v. Lexington Ins. Co., 132 Hawai'i 283, 303, 321 P.3d 634, 654 (2014). "Although an insurer's duty to indemnify arises only after damages are fixed, the duty to defend arises as soon as damages are sought." Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 828 N.E.2d 1092, 1103 (Ill. 2005). When a claim may fit a contract's confines, "the insurance company's refusal to defend at the outset of the controversy is a decision it makes at its own peril." Jerry's Sport, 2 A.3d at 542.

If insurers recover for defending uncovered claims, our law flips: the duty to defend may be determined *after* the insurer tenders a defense. Not only does this sequence narrow the broad

7

duty to defend, it dilutes an insurer's good faith duty to take on a defense; worse it may bring on bad faith. "[A]llowing an insurer to exercise an independent right to reimbursement . . . *before* it obtains a declaratory judgment would be wholly inconsistent with and likely constitute a breach of, its duty under established law to undertake the defense in good faith." Burlington Ins. Co. v. Panacorp. Inc., 758 F. Supp. 2d 1121, 1141 (D. Haw. 2010).

Reimbursement for defense costs undercuts the duty to defend. "It would amount to a retroactive erosion of the broad duty to defend . . . by making the right and duty to defend contingent upon a court's determination that a complaint alleged covered claims." Jerry's Sport, 2 A.3d at 544. Letting the insurer recoup costs "would effectively require that insurers only defend to the same extent that they must ultimately indemnify." Gen. Star Indem. Co. v. Driven Sports, Inc., 80 F. Supp. 3d 442, 463 (E.D.N.Y. 2015). As far as an insured, rather than protection for all possible claims, they are only protected from repaying costs for claims eventually deemed covered.

Insurers though are not out of luck. As part of doing business, insurers assess claims for potential coverage. If insurers are unsure, they can go to court. Jerry's Sport, 2 A.3d at 542.

8

## C.

Last, the insurers say that when they defend uncovered claims, policyholders are unjustly enriched.  We disagree. Defense is part of the deal.

By nature, contracts benefit both sides.  Though it owes a duty to defend, the insurer benefits.  It retains the premiums. It directs litigation.  It runs the case, decision-making-wise.

Why?  Money.  Since the insurer faces indemnity exposure, it deserves what it bargained for – near total control over a case.  "Normally, an insurer's duty to defend *is coupled with the right to control the defense* of the litigation. . . . Giving the insurer exclusive control over litigation against the insured safeguards the orderly and proper disbursement of the large sums of money involved in the insurance business." Finley, 90 Hawai'i at 34 n.11, 975 P.2d at 1154 n.11.

An insurance company that tenders a defense protects itself, at least as much as it protects its insured.  See General Agents, 828 N.E.2d at 1103.  No scrubs, say the insurers.  An insurer has the right to defend its own way to avoid the risks of "an inept or lackadaisical defense of the underlying action."  Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1219 (3d Cir. 1989).

If we allowed reimbursement, the unjustly enriched party may very well be the insurer.  When the insured pays back

defense costs to the insurer, it pays for the insurer to protect itself.  Id.  If a court later determines that there is no duty to defend, then reimbursement protects the insurer from bad faith or breach of contract actions - without any responsibility for defense costs.  See Nat'l Sur. Corp. v. Immunex Corp., 297 P.3d 688, 694 (Wash. 2013).  An "all reward, no risk" proposition creates a win-win situation for the insurer: buffered from bad faith, it defends all claims, yet has no obligation to pay for the whole defense.  Meanwhile, the insured "receives no greater benefit than if its insurer had refused to defend outright."  Id.

What does the policyholder get for ceding control? Defense.  The insured receives a benefit.  But it's not unjust. Both sides benefit.

The insurance companies argue that the sky will fall and a world without a right to reimbursement is "rife with temptation to deny . . . costly and questionable claims."  But insurers are seasoned, skilled, and well positioned to evaluate whether they need to defend.  And bad faith or breach actions motivate them to honor contractual obligations.  See Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawaiʻi 120, 131-32, 920 P.2d 334, 345-46 (1996).

## III.

An insurer may not seek reimbursement from an insured for defending claims when an insurance policy contains no express provision for reimbursement.

We answer No to question 1.  We do not answer question 2.

| | |
|---|---|
| Raymond E. Brown<br>(Matt A. Tsukazaki, Tyler A. Tsukazaki, Lindsee B. Falcone on the briefs)<br>for appellants | /s/ Mark E. Recktenwald<br>/s/ Sabrina S. McKenna<br>/s/ Todd W. Eddins<br>/s/ John M. Tonaki<br>/s/ Lisa W. Cataldo |

Raymond E. Brown
(Matt A. Tsukazaki, Tyler A.
Tsukazaki, Lindsee B. Falcone on
the briefs)
for appellants

Tred R. Eyerly
(Casey T. Miyashiro, Jonathan N.
Marchuk on the briefs)
for appellee Bodell Construction
Company

Cid H. Inouye
(Kelvin H. Kaneshiro, Katherine
B. Hughes on the briefs)
for appellee Sunstone Realty
Partners X, LLC

Alan Van Etten and Tristan S.D.
Andres
for Amicus Curiae
United Policyholders

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ John M. Tonaki

/s/ Lisa W. Cataldo

